[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#120)
On March 16, 1995, the plaintiff, Robert Zdon, filed a two count "second revised complaint" against the defendant, Joseph O'Neal, alleging failure to pay his proportionate share of losses and expenses incurred by a partnership entered into between them and a third party, and failure to pay the plaintiff pursuant to an agreement by which the plaintiff was to provide personal tax and accounting services to the defendant. On September 11, 1995, the defendant filed a motion to strike both counts of the complaint on the ground that they fail to state a claim upon which relief may be granted and are insufficient as a matter of law.[1]
The defendant argues that count one should be stricken because the complaint alleges that the partnership, not the plaintiff individually, has incurred losses and expenses. Therefore, any losses or expenses alleged are those of the partnership and not the plaintiff. If a partnership agreement as delineated in General Statutes § 34-39 et seq. does exist, as both parties seemingly concede in their memoranda, then the partnership itself should be named as a plaintiff and not just the plaintiff Robert Zdon CT Page 1365-AA individually. See General Statutes § 52-112. Accordingly, the defendant's motion to strike count one of the second revised complaint is granted.
The defendant argues that count two should also be stricken because the plaintiff does not allege that any personal tax or accounting services were actually rendered. The plaintiff argues, however, that the complaint specifically alleges that services were performed. Although the plaintiff alleged performance in his original and first revised complaint, the second revised complaint, which is controlling, does not include any such language. Accordingly, the defendant's motion to strike count two of the second revised complaint is granted.
BY THE COURT
STANLEY, J.